The issue presented is whether a complaint charging negligence by State officials while in the performance of discretionary duties under statutory authority is barred by Section 14, Constitution of Alabama 1901, as a suit against the State? We hold that it is.
James Walter Gill was shot and injured while attempting to stop a robbery in the City of Mobile on the night of December 17, 1975. Gill was on duty as an officer with the Mobile City Police Department. Oliver Lamar Young was subsequently convicted for the robbery. At the time of the robbery, Young was an inmate of the Mobile Work Release Center.
Gill sued seeking money damages against Tony Sewell, Director of the Mobile Work Release Center; the Mobile Work Release Center; J.C. Locke, individually and as Commissioner, Board of Corrections, State of Alabama; the Alabama Board of Corrections; and the State of Alabama. Gill claims that the defendants were negligent in allowing a convicted felon with a long history of violent crimes to be released to a minimum security institution, the Mobile Work Release Center. Gill also alleges negligence in the care and surveillance, and in monitoring the custody of Oliver Lamar Young while in the Mobile Work Release Center.
The Attorney General filed a motion to dismiss and a letter in support thereof stating that the suit was barred by Section 14, Art. I, Constitution of Alabama, as a suit against the State, its agents and officials. Alternatively, the Attorney General moved for a change of venue to Montgomery County.
The trial court granted the motion to dismiss as to all defendants except Tony Sewell, Director of the Mobile Work Release Center. The motion to change venue was denied.
Gill appeals the dismissal of the action as to all defendants except Tony Sewell. Tony Sewell cross-appeals the failure to dismiss the action as to him. The trial court certified the appeal as an order not otherwise appealable. Rule 54, ARCP. We affirm the trial court's action dismissing the defendants and reverse the court's failure to dismiss the action as to Tony Sewell, as Director of the Mobile Work Release Center. *Page 1198 
Article I, Section 14, of our Constitution prohibits the State and its agencies from being made a defendant to a suit. Constitution of Alabama, 1901; Hutchinson v. Board of Trusteesof University of Alabama, 288 Ala. 20, 256 So.2d 281 (1971) and authorities cited therein. Section 14 also prohibits a suit against State officers and agents in their official capacity and individually when a result favorable to the plaintiff would directly affect a contract or property right of the State.Wallace v. Malone, 279 Ala. 93, 182 So.2d 360 (1964); StateDocks Commission v. Barnes, 225 Ala. 403, 143 So. 581 (1932).
In determining whether an action against a State office or agent is in fact a suit against the State, the court considers the nature of the suit or the relief demanded. Boaz NursingHome, Inc., v. Recovery Inns of America, Inc., 289 Ala. 144,266 So.2d 588 (1972); State v. Norman Tabacco Company, 273 Ala. 420, 142 So.2d 873 (1962).
There are several categories of cases which do not fall within the prohibition of § 14. In Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1977), the court listed these categories as:
 "(1) Actions brought to compel State officials to perform their legal duties. Department of Industrial Relations v. West Boylston Manufacturing Co., 253 Ala. 67, 42 So.2d 787; Metcalf v. Department of Industrial Relations, 245 Ala. 299, 16 So.2d 787. (2) Actions brought to enjoin State officials from enforcing an unconstitutional law. Glass v. Prudential Insurance Co. of America, 246 Ala. 579, 22 So.2d 13; Southall v. Stricos Corp., supra [275 Ala. 156, 153 So.2d 234]. (3) Actions to compel State officials to perform ministerial acts. Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479, and cases there cited. (4) Actions brought under the Declaratory Judgments Act, Tit. 17, § 156 et seq., Code 1940, seeking construction of a statute and how it should be applied in a given situation. Curry v. Woodstock Slag Corp., supra, and cases there cited." 287 Ala. at 229-230, 250 So.2d at 679.
This list was never intended to be a comprehensive final list of those actions not barred by Section 14. In Unzicker v.State, 346 So.2d 931 (Ala., 1977), we held that a suit may be maintained against State officials in their official capacity for acts allegedly committed fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law. 346 So.2d at 933.
This suit alleges negligent misconduct on the part of the State, its agencies and officials (except J.C. Locke) in their official capacity. Such a suit is barred by Section 14 of the Alabama Constitution. Gill fails to bring the suit within the categories recognized in Aland and Unzicker.
J.C. Locke was the only defendant sued in an individual capacity. Section 14 does not necessarily immunize State officers and agents from individual civil liability. Finnell v.Pitts, 222 Ala. 290, 132 So. 2 (1930); J.B. McCrary Co. v.Phillips, 222 Ala. 117, 130 So. 805 (1930); Elmore v. Fields,153 Ala. 345, 45 So. 66 (1907).
There is no allegation in the complaint that J.C. Locke exceeded the authority given him by statute. The complaint at best alleges that he negligently performed his statutory duty. Tit. 45, § 188 (1) et seq., Code of Alabama 1940, Recompiled 1958.[1] Acting pursuant to such statutory authority, J.C. Locke acted as the State and the claim is barred by Section 14 of the Constitution.
The judgment in this cause is hereby affirmed in part, reversed in part, and rendered. *Page 1199 
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.
[1] Tit. 45, § 188 (2) provides: "The board is authorized to adopt regulations and policies permitting the commissioner to extend the limits of the place of confinement of an inmate, as to whom there is reasonable cause to believe he will know his trust, by authorizing him, under prescribed conditions, to leave the confines of that place unaccompanied by a custodial agent for a prescribed period of time to work at paid employment, while continuing as an inmate of the institution or facility in which he shall be confined except during the hours of his employment or seeking of employment and traveling thereto and therefrom. Inmates shall participate in paid employment at the discretion of the board."