This appeal is from a summary judgment granted in favor of the defendants in an action to rescind an agreement between them and the plaintiff. We affirm.
The plaintiff, Jean B. Morris, is the widow of Joe Martin Morris, Sr., who died July 5, 1975. The defendants are the children of the decedent by a former wife. Following the funeral of the decedent, the widow and children agreed that whether or not a will was located, the property belonging to the decedent would be divided equally among the three of them in accordance with an agreement which would be prepared. Pursuant to this oral agreement, the widow employed the firm of Pritchard, McCall Jones to prepare such an agreement. The agreement provided in part:
 "AGREEMENT DIVIDING PROPERTIES OWNED BY JOE MARTIN MORRIS, DECEASED
". . .
 "WHEREAS, none of the parties hereto, nor the Accountant of Joe Martin Morris, have been able to locate or determine whether Joe Martin Morris had executed a valid Last Will and Testament during his lifetime, which would be effective upon his death, and in all probability the said Joe Martin Morris died intestate and thus all of his property would pass according to the applicable laws of dissent [sic, descent] and distribution, with his widow Jean B. Morris being entitled to certain statutory interests; and
". . .
 "WHEREAS, the parties hereto have agreed to a plan of disposition and division of the net estate of Joe Martin Morris, Deceased, said Agreement to be in lieu of any statutory rights conferred upon any party hereto, whether under the laws of the State of Alabama, or any other State, and irregardless [sic] of whether a valid Last Will and Testament of Joe Martin Morris, Deceased, shall be discovered at some later date, it being the intent of the parties thereto to divide the net estate in accordance herewith, irregardless [sic] of any rights any party has either by law or will.
". . ."
This agreement was executed by all parties a few days after the death of the decedent.
The principal asset of the estate was all of the capital stock of Alabama Metal Products Company, Inc. In addition to the division agreement referred to above, Mrs. Morris had the same law firm draft an agreement relating to the operation of the company, after the stock was distributed one-third to each party. This agreement was executed by all parties and the three were elected directors of the company. *Page 678 
The widow was appointed administratrix of the estate on July 22, 1975; and, on her petition, the administration was removed to the circuit court on December 22, 1975.
Thereafter, on January 29, 1976, the widow petitioned the court for the appointment of additional directors of the company.
Following this petition, the children filed a complaint requesting that the court declare each of them owners of one-third of the company stock and order the distribution of the stock in accordance with the agreements between the parties. After a hearing, the parties reached an agreement which was incorporated into a judgment by the trial court, which ordered the stock sold and distribution made of the proceeds pursuant to the division agreement.
Thereafter, the trial court, at various times, on petition, ordered the administratrix to make distribution of estate funds to the three equally.
The foregoing states the status of the administration in the circuit court when the instant proceeding was commenced. In January, 1978, the widow filed a petition in the estate proceeding which sought a rescission of the division agreement. The petition alleged that the agreement was the product of mutual mistake.
In support of this assertion, it was alleged that the existence of this agreement increased the estate tax liability. The children filed a motion to strike, under ARCP 11, and a motion to dismiss, under ARCP 12 (b), (c). A hearing was held on these motions, various exhibits were received into evidence, counsel for both sides presented argument, and the trial court announced that the motion to dismiss would be considered as a motion for summary judgment in accordance with ARCP 12 (b). The court entered an order on February 28, 1978, setting a hearing on the motion to dismiss to be considered as a motion for summary judgment for March 10, 1978. In its February 28th judgment, the trial court noted that, based upon the voluminous record in the cause ". . . the Court concludes that the parties should have, and in fact are entitled to, the rights afforded by Rule 56."
Prior to the hearing set for March 10, the widow filed an affidavit in opposition to the motion to be treated as one for summary judgment under ARCP 12 (b), and also filed a motion that the trial judge recuse himself. The trial judge denied the motion to recuse and granted the motion for summary judgment. The widow contends on appeal that he erred in both. We disagree.
First, nothing alleged in the petition establishes a claim upon which rescission could be granted. The affidavit of the widow in opposition to the motion for summary judgment amounts to no more than a verification of these allegations. She simply says that the allegations of the complaint are true and that there was a mutual mistake of the parties in entering into the agreement.
This falls short of the requirements of Rule 56 (e).
 ". . . Although a verified pleading, like any pleading, may be presented to the court in a summary judgment proceeding, it will not be accorded the probative force of an affidavit unless it meets the requirements of Rule 56 (e). This means that the content of the pleading must be asserted on the personal knowledge of the pleader, set forth facts that would be admissible in evidence, and show affirmatively that the pleader is competent to testify to the matters pleaded. . . ." Wright 
Miller, Federal Practice and Procedure: Civil § 2738.
No facts were offered to support a claim of mutual mistake. At the very most, all that is alleged in the petition is a misunderstanding on the part of the widow of the legal effect of the agreement insofar as estate taxes were concerned. To defeat a motion for summary judgment where the movant has carried the burden of showing, by the material on file, that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law, the party opposing the motion must present facts as would be admissiblein evidence to establish that an issue of fact does exist. ARCP 56 (e) provides: *Page 679 
 ". . . Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
In ruling on the motion for summary judgment, the trial court had before it the evidence offered by the movant which established that the agreement sought to be rescinded was not the product of mutual mistake. Also available to the court and properly considered on the motion was the entire court file in the estate administration, which showed affirmatively that the agreement had been relied on by all parties in making distribution of estate funds. The circumstances surrounding the drafting and execution were before the court.
The record discloses, without contradiction, that the agreement was reached between these parties to divide the estate of the decedent equally among them whether or not a will was ever found. Mrs. Morris employed a law firm which reduced the agreement to writing and it was executed. There is no evidence of fraud or overreaching on the part of any party to the agreement. Without knowing whether there was a will, and none was ever found, nor what it might provide if there was one, they agreed to a division of the estate on equal shares in lieu of what they would be entitled to under the law — whether the decedent had died with or without a will. The evidence in the record shows that the decision was freely and willingly made, formally executed and adhered to for a number of years prior to the commencement of this action.
It is entirely appropriate for the court to consider any material in ruling on the motion for summary judgment which would be admissible at trial and all papers of record, as well as material submitted in support or opposition to the motion which meets the requirements of the rule. Wright Miller, supra, § 2721.
The trial court properly entered summary judgment in favor of the movants, and did not err in refusing the motion to recuse. The appellant argues that bias on the part of the trial judge was shown because he indicated, after hearing on the motion to dismiss or strike, that it was his intention to give the parties the benefit of Rule 56. At the same time, he set the Rule 56 motion for hearing some twelve days hence and gave the appellant an opportunity to submit evidence in opposition to the motion. The record shows affirmatively that the appellant was afforded an opportunity to offer evidence in opposition to the motion. The fact that the trial judge indicated that the movants were entitled to summary judgment on the state of the record at the earlier hearing in no way suggests that he would not nor did not consider the appellant's affidavit offered in opposition to the motion at the subsequent hearing. We have carefully read the record and fail to find any inference of bias or prejudice on the part of the trial judge.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 680