421 So.2d 1239 (1982)
Jesse Lee BELL
v.
Harlan CHISOM, et al.
80-555.
Supreme Court of Alabama.
July 16, 1982.
Rehearing Denied November 5, 1982.
*1240 Henry Sanders of Chestnut, Sanders, Sanders & Turner, Selma, for appellant.
G. Sage Lyons and Victor H. Lott, Jr. of Lyons, Pipes & Cook, Mobile, for appellees Harland B. Chisom, Linwood L. Driskell, William Ketchum, Jim Taylor and Walter E. Hines.
Leon G. Duke of Sintz, Pike, Campbell & Duke, Mobile, for appellees Robert Hope and Jerry Tew.
BEATTY, Justice.
This appeal presents questions concerning the scope of the limited immunity for state employees outlined in DeStafney v. University of Alabama, Ala., 413 So.2d 391 (1982). These questions arise out of a suit by Jesse Bell against seven supervisory co-employees for failure to provide a safe place to work. We reverse the summary judgment in favor of the state employee-defendants and remand for reconsideration in light of DeStafney, supra, which was decided after the parties' submissions to this court.
Jesse Bell was a laborer with the Alabama State Docks Department (State Docks). In the complaint and his answers to interrogatories, he alleged his supervisors negligently or wantonly failed to provide a safe place for him to work in that he had to lift heavy loads in a cramped space while on unstable flooring. As a result he fell and suffered permanent injury. He received workmen's compensation for about ten months before filing suit in November 1980. Named as defendants, in their individual and official capacities, were two cargo movement supervisors, a gang foreman, a warehouse manager, a docks warehouseman or "checker," an assistant wharves and warehouses manager, and the director of the State Docks.
All of the defendants moved for summary judgment on the ground that they each acted within the scope of their state employment and therefore shared the state's immunity from suit. Bell did not oppose their affidavits that they acted within their authority, and the trial court granted summary judgment against Bell without opinion.
After Bell appealed, we decided DeStafney v. University of Alabama, supra, which held that state employees acting within their authority are generally subject to tort liability, unless their actions are privileged, part of a "discretionary function" or simply not negligent. Under this standard the materials considered by the trial court are insufficient to resolve disputes on material facts and enable judgment as a matter of law. Therefore we reverse and remand for application of the DeStafney criteria to each of the defendants. They will, of course, carry the burden of proof on this issue since immunity is an affirmative defense. See Green v. James, 473 F.2d 660 (9th Cir.1973).
The rule of substantive immunity for state employees which we adopted in DeStafney, supra, is that expressed in the Restatement (Second) of Torts, § 895D, Public Officers (1974).[1] The Restatement makes public officers subject to tort liability as a general rule but creates certain broad exceptions noted above. The exception potentially applicable here is set out in *1241 § 895D(3)(a), which affords immunity to public officers acting within the general scope of their authority when engaged in the exercise of a discretionary function. Since in DeStafney the defendant's actions were clearly nondiscretionary, we there had little occasion to discuss the meaning of that term. The present case differs considerably in that it involves co-employee defendants whose functions are not comparable to the defendant in DeStafney. The following discussion of discretionary function immunity is meant to give some guidance and explain its relation to co-employee tort litigation.
As the Restatement`s comments suggest, the courts have at times found the discretionary function standard difficult to interpret. Nevertheless, in many cases this standard's proper application will be readily apparent. Two such cases will serve to illustrate the conflicting policy considerations the courts must apply. On the one hand, in DeStafney itself we had no difficulty in rejecting the immunity claim of the individual defendant, an aide at the University day care center who allegedly allowed the plaintiff's child to fall off playground equipment. This defendant's function clearly required due care rather than difficult decision making. On the other hand, we accepted the claim of immunity in Gill v. Sewell, Ala., 356 So.2d 1196 (1978), where the director of a work release center was sued for his decision to release a convicted felon who shot the plaintiff. That decision was an exercise of discretion central to the defendant's function, and accordingly in DeStafney we noted, "unquestionably, Gill falls squarely within § 895D(3)(a) of the Restatement," 413 So.2d at 394.
These two cases illustrate the governmental interest at stake in discretionary function immunity: the ability of public officers to "engage in making a decision by weighing the policies for and against it." Restatement, supra, comment d at 413. Without some degree of immunity, public officers may decide not on the basis of policy but of avoiding personal liability or vexatious suits. Their motive for doing so may be larger than in the private sector, for governmental action often has unusual potential to injure or to affect large numbers of people. See G. Bermann, "Integrating Governmental and Officer Tort Liability," 77 Columbia L.Rev. 1175, 1177 (1977). Discretionary function immunity, then, is called for when necessary to preserve the decision making function of government.
Considerable precedent has developed applying the concept of discretionary function in various contexts.[2] The most common approach to the problem is to distinguish between planning and operational levels of action, with only the former being immune. Such terms, however, are only shorthand for a range of factors  discussed in the Restatement comments  that the courts may need to consider. The problem is not to define terms like "discretionary" or "planning" but to make a pragmatic assessment of what, if any, degree of immunity is necessary to enable the particular governmental function to be effectively performed. Thus, courts must determine not only the existence but the extent of an "immunity," which may be absolute but is more commonly limited to good faith actions. See comments e and f from the Restatement.
The present case differs from cases like DeStafney or Gill in that the defendants raise the immunity defense not against a member of the public but against a co-employee who was injured at work. This difference is not in itself relevant. "Any governmental immunity to suit that might otherwise exist is no less applicable because the suit takes the form of a third party action under a workmen's compensation act." 2A Larson, The Law of Workmen's Compensation, § 72.70 (1982). Coemployee tort litigation, like any other, may implicate the decision making function of government in a way that requires some degree of immunity. For example, in Gill *1242 v. Sewell, supra, had the plaintiff been an employee at the work release center who was shot by the inmate the director decided to release, then the considerations favoring immunity would still apply. The state's provision of workmen's compensation to its employees[3] cannot operate to waive co-employees' discretionary function immunity, if any.[4] For us to find waiver of such a fundamental principle as immunity, a clear indication of specific legislative intent would be necessary. See Duncan v. Rudulph, 245 Ala. 175, 16 So.2d 313 (1944).[5]
Contrary to the appellant's suggestion, no equal protection problem results from allowing a somewhat more limited remedy for state employees than for private employees doing similar work. Such classifications not involving a suspect class or fundamental right need only have a rational basis to withstand scrutiny under the Equal Protection Clause. E.g., G.D. Searle & Company v. Cohn, 455 U.S. 404, 102 S.Ct. 1137,1141, 71 L.Ed.2d 250 (1982). The immunity defense itself provides the necessary rational basis, for that defense is only valid where the public officer's function has special characteristics independently justifying protection from liability.
On remand, then, the trial court must determine which, if any, of the defendants are proximately responsible for Bell's alleged injuries and which, if any, of those responsible are immune by virtue of exercising a discretionary function. Further definition of the nature of "discretionary functions" must of necessity await a full record.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, SHORES and ADAMS, JJ., concur.
JONES, J., concurs specially.
FAULKNER and EMBRY, JJ., dissent.
MADDOX, J., not sitting.
JONES, Justice (concurring specially).
I concur with the opinion completely. I write separately only to suggest that the co-employee defendants' liability is to be tested by traditional tort principles. For a treatment of these principles in the co-employee context, see my concurring opinion in Fireman's Fund American Insurance Co. v. Coleman, 394 So.2d 334 (Ala.1980).
EMBRY, Justice (dissenting):
In this case all defendants moved for summary judgment, each offering in support of his motion an affidavit stating that he was acting within the line and scope of his authority as a state employee at the time Bell was injured. Bell opposed these motions on the basis of his pleadings and his answers to interrogatories propounded by defendants. However, neither his pleadings nor his answers to interrogatories contain the slightest suggestion that defendants were acting beyond the line and scope of their authority.
In reviewing these materials for the purpose of determining whether summary judgment was proper we should be guided by the principles enunciated in Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala. 1980), as follows:
"Under Rule 56 of the Alabama Rules of Civil Procedure, summary judgment is appropriate only when the moving party has demonstrated, by the pleadings, answers to interrogatories, depositions and affidavits, that there is no genuine issue of material fact and that the movant is entitled to the requested relief as a matter *1243 of law. Campbell v. Alabama Power Co., 378 So.2d 718, 721 (Ala.1979); Donald v. City National Bank, 295 Ala. 320, 329 So.2d 92, 94 (1976). Once the movant supports his motion by affidavits or other testimony, the adverse party may not rest upon the allegations or denials contained in his pleadings; he must respond and show that a material issue of fact does exist. Campbell v. Alabama Power Co., supra; Ray v. Midfield Park, 293 Ala. 609, 308 So.2d 686 (1975). Evidence offered in response to the motion, in the form of affidavits or otherwise, must be more than a mere verification of the allegations contained in the pleadings, Morris v. Morris, 366 So.2d 676, 678 (Ala.1978); and must present facts which would be admissible into evidence. Morris v. Morris, supra; Oliver v. Brock, 342 So.2d 1, 4-5 (Ala.1976); Hunter v. Austin Co., 336 So.2d 203, 206 (Ala.Civ.App.1976); Wright & Miller, Federal Practice and Procedure: Civil 2738. In the event the opposing party fails to offer any evidence to contradict that presented by the moving party, the court is left with no alternative but to consider that evidence uncontroverted. Mims v. Louisville Title Insurance Co., 358 So.2d 1028, 1029 (Ala. 1978); Donald v. City National Bank, supra."
It is well-recognized that Article 1, Section 14, of the Alabama Constitution generally prohibits suits in which the state is made a defendant. Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971). Recently, this court considered the extent to which Section 14 also bars suits against officers and employees of the state, in DeStafney v. University of Alabama, 413 So.2d 391 (Ala. 1982). Unless Bell has demonstrated a material issue of fact as to whether defendants are covered by the protective cloak of Section 14, within the guidelines enunciated in DeStafney, summary judgment in favor of defendants is due to be affirmed.
Included in the analysis in DeStafney were the following statements:
... [A] claim for personal injury based upon the alleged negligent conduct of a State employee, even when committed in the line and scope of employment, is not within the ambit of § 14's protection. Such a claim, by virtue of its nature and the relief demanded, in no way seeks to circumvent the prohibition of § 14. Any state interest affected by the suit is far too incidental to supply the requisite nexus for extension of constitutional immunity to the individual employee defendant. This suit, and the legal effects incident thereto, are strictly between the named parties plaintiff and the individual defendant....
"This is not to say, however, that every act or performance of duty by a state official or employee, by virtue of its characterization as negligence, necessarily falls outside the immunity doctrine. Even absent the requisite identity between the State and the state official or employee defendant to invoke absolute immunity, the Restatement`s doctrine of substantive immunity may yet be invoked if the official or employee 1) is engaged in the exercise of a discretionary function; 2) is privileged and does not exceed or abuse the privilege; or 3) is not negligent in the performance of his responsibility."
The first listed of these three bases for granting substantive immunity to a state official or employee is taken from Restatement (Second) of Torts, § 895D(3)(a), which reads:
"(3) A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if
"(a) he is immune because engaged in the exercise of a discretionary function,"
This provision of the Restatement was considered in DeStafney in connection with Gill v. Sewell, 356 So.2d 1196 (Ala.1980), an earlier decision often cited for the proposition that state officers and employees are protected from suit by Section 14 immunity. The view was expressed that Gill was consistent "with the overall concept of tort liability expressed in § 895 D of the Restatement." Particularly, the following language from Gill was noted:

*1244 "There is no allegation in the complaint that J.C. Locke exceeded the authority given him by statute. The complaint at best alleges that he negligently performed his statutory duty. [Cite omitted.] Acting pursuant to such statutory authority, J.C. Locke acted as the State and the claim is barred by Section 14 of the Constitution." Gill, 356 So.2d at 1198.
The majority then proceeded to say:
"Unquestionably, Gill falls squarely within § 895D(3)(a) of the Restatement."
The instant case presents a quite similar situation. By affidavits supporting their motions for summary judgment, all defendants have advanced facts tending to show they were acting within their authority as employees of the state during the relevant time period. Bell's complaint contains no allegations that defendants exceeded their authority or that defendants' acts which were claimed to constitute negligent or wanton conduct involved the performance of nondiscretionary functions. Neither do Bell's answers to interrogatories, the only factual material presented by him to the trial court in opposition to the motions for summary judgment, even hint of such a contention.
As Bell has failed to advance any evidence tending to show that either of the defendants was acting beyond his authority or was exercising a nondiscretionary function, I would affirm the summary judgment in favor of all defendants, under authority of DeStafney and Gill.
In sum, I would place the burden of alleging and proving individual liability upon the state employees with the plaintiff.
FAULKNER, J., concurs.
NOTES
[1] This section of the Restatement is set out in DeStafney, supra, 413 So.2d at 393.
[2] See the case law under the discretionary function provisions of the Federal Tort Claims Act, 28 U.S.C. § 2680, and similar state enactments.
[3] Code 1975, § 33-1-25, authorizes the State Docks to obtain workmen's compensation coverage for its employees.
[4] We express no opinion as to the effect liability insurance or indemnification for state employees would have on immunity. See generally the annotations at 71 ALR3d 6 (liability insurance) and 71 ALR3d 90 (indemnification).
[5] Immunity in this context does not conflict with Article I, § 13 of the Alabama Constitution. The rule that workers may not constitutionally be deprived of their remedies against co-employees, Grantham v. Denke, Ala., 359 So.2d 785 (1978), is inapplicable where no remedy against immune officials existed to begin with.