This appeal presents questions concerning the scope of the limited immunity for state employees outlined in DeStafney v.University of Alabama, Ala., 413 So.2d 391 (1982). These questions arise out of a suit by Jesse Bell against seven supervisory co-employees for failure to provide a safe place to work. We reverse the summary judgment in favor of the state employee-defendants and remand for reconsideration in light ofDeStafney, supra, which was decided after the parties' submissions to this court.
Jesse Bell was a laborer with the Alabama State Docks Department (State Docks). In the complaint and his answers to interrogatories, he alleged his supervisors negligently or wantonly failed to provide a safe place for him to work in that he had to lift heavy loads in a cramped space while on unstable flooring. As a result he fell and suffered permanent injury. He received workmen's compensation for about ten months before filing suit in November 1980. Named as defendants, in their individual and official capacities, were two cargo movement supervisors, a gang foreman, a warehouse manager, a docks warehouseman or "checker," an assistant wharves and warehouses manager, and the director of the State Docks.
All of the defendants moved for summary judgment on the ground that they each acted within the scope of their state employment and therefore shared the state's immunity from suit. Bell did not oppose their affidavits that they acted within their authority, and the trial court granted summary judgment against Bell without opinion.
After Bell appealed, we decided DeStafney v. University ofAlabama, supra, which held that state employees acting within their authority are generally subject to tort liability, unless their actions are privileged, part of a "discretionary function" or simply not negligent. Under this standard the materials considered by the trial court are insufficient to resolve disputes on material facts and enable judgment as a matter of law. Therefore we reverse and remand for application of the DeStafney criteria to each of the defendants. They will, of course, carry the burden of proof on this issue since immunity is an affirmative defense. See Green v. James,473 F.2d 660 (9th Cir. 1973).
The rule of substantive immunity for state employees which we adopted in DeStafney, supra, is that expressed in theRestatement (Second) of Torts, § 895D, Public Officers (1974).[1]
The Restatement makes public officers subject to tort liability as a general rule but creates certain broad exceptions noted above. The exception potentially applicable here is set out in *Page 1241 
§ 895D (3)(a), which affords immunity to public officers acting within the general scope of their authority when engaged in the exercise of a discretionary function. Since in DeStafney the defendant's actions were clearly nondiscretionary, we there had little occasion to discuss the meaning of that term. The present case differs considerably in that it involves co-employee defendants whose functions are not comparable to the defendant in DeStafney. The following discussion of discretionary function immunity is meant to give some guidance and explain its relation to co-employee tort litigation.
As the Restatement's comments suggest, the courts have at times found the discretionary function standard difficult to interpret. Nevertheless, in many cases this standard's proper application will be readily apparent. Two such cases will serve to illustrate the conflicting policy considerations the courts must apply. On the one hand, in DeStafney itself we had no difficulty in rejecting the immunity claim of the individual defendant, an aide at the University day care center who allegedly allowed the plaintiff's child to fall off playground equipment. This defendant's function clearly required due care rather than difficult decision making. On the other hand, we accepted the claim of immunity in Gill v. Sewell, Ala.,356 So.2d 1196 (1978), where the director of a work release center was sued for his decision to release a convicted felon who shot the plaintiff. That decision was an exercise of discretion central to the defendant's function, and accordingly inDeStafney we noted, "unquestionably, Gill falls squarely within § 895D (3)(a) of the Restatement," 413 So.2d at 394.
These two cases illustrate the governmental interest at stake in discretionary function immunity: the ability of public officers to "engage in making a decision by weighing the policies for and against it." Restatement, supra, comment d at 413. Without some degree of immunity, public officers may decide not on the basis of policy but of avoiding personal liability or vexatious suits. Their motive for doing so may be larger than in the private sector, for governmental action often has unusual potential to injure or to affect large numbers of people. See G. Bermann, "Integrating Governmental and Officer Tort Liability," 77 Columbia L.Rev. 1175, 1177 (1977). Discretionary function immunity, then, is called for when necessary to preserve the decision making function of government.
Considerable precedent has developed applying the concept of discretionary function in various contexts.[2] The most common approach to the problem is to distinguish between planning and operational levels of action, with only the former being immune. Such terms, however, are only shorthand for a range of factors — discussed in the Restatement comments — that the courts may need to consider. The problem is not to define terms like "discretionary" or "planning" but to make a pragmatic assessment of what, if any, degree of immunity is necessary to enable the particular governmental function to be effectively performed. Thus, courts must determine not only the existence but the extent of an "immunity," which may be absolute but is more commonly limited to good faith actions. See comments e andf from the Restatement.
The present case differs from cases like DeStafney or Gill in that the defendants raise the immunity defense not against a member of the public but against a co-employee who was injured at work. This difference is not in itself relevant. "Any governmental immunity to suit that might otherwise exist is no less applicable because the suit takes the form of a third party action under a workmen's compensation act." 2A Larson,The Law of Workmen's Compensation, § 72.70 (1982). Co-employee tort litigation, like any other, may implicate the decision making function of government in a way that requires some degree of immunity. For example, in Gill *Page 1242 v. Sewell, supra, had the plaintiff been an employee at the work release center who was shot by the inmate the director decided to release, then the considerations favoring immunity would still apply. The state's provision of workmen's compensation to its employees[3] cannot operate to waive co-employees' discretionary function immunity, if any.[4] For us to find waiver of such a fundamental principle as immunity, a clear indication of specific legislative intent would be necessary. See Duncan v. Rudulph, 245 Ala. 175, 16 So.2d 313
(1944).[5]
Contrary to the appellant's suggestion, no equal protection problem results from allowing a somewhat more limited remedy for state employees than for private employees doing similar work. Such classifications not involving a suspect class or fundamental right need only have a rational basis to withstand scrutiny under the Equal Protection Clause. E.g., G.D. Searle Company v. Cohn, 455 U.S. 404, 102 S.Ct. 1137, 1141,71 L.Ed.2d 250 (1982). The immunity defense itself provides the necessary rational basis, for that defense is only valid where the public officer's function has special characteristics independently justifying protection from liability.
On remand, then, the trial court must determine which, if any, of the defendants are proximately responsible for Bell's alleged injuries and which, if any, of those responsible are immune by virtue of exercising a discretionary function. Further definition of the nature of "discretionary functions" must of necessity await a full record.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, SHORES and ADAMS, JJ., concur.
JONES, J., concurs specially.
FAULKNER and EMBRY, JJ., dissent.
MADDOX, J., not sitting.
[1] This section of the Restatement is set out in DeStafney,supra, 413 So.2d at 393.
[2] See the case law under the discretionary function provisions of the Federal Tort Claims Act, 28 U.S.C. § 2680, and similar state enactments.
[3] Code 1975, § 33-1-25, authorizes the State Docks to obtain workmen's compensation coverage for its employees.
[4] We express no opinion as to the effect liability insurance or indemnification for state employees would have on immunity. See generally the annotations at 71 ALR.3d 6 (liability insurance) and 71 ALR.3d 90 (indemnification).
[5] Immunity in this context does not conflict with Article I, § 13 of the Alabama Constitution. The rule that workers may not constitutionally be deprived of their remedies against co-employees, Grantham v. Denke, Ala., 359 So.2d 785 (1978), is inapplicable where no remedy against immune officials existed to begin with.