In this case all defendants moved for summary judgment, each offering in support of his motion an affidavit stating that he was acting within the line and scope of his authority as a state employee at the time Bell was injured. Bell opposed these motions on the basis of his pleadings and his answers to interrogatories propounded by defendants. However, neither hispleadings nor his answers to interrogatories contain theslightest suggestion that defendants were acting beyond theline and scope of their authority.
In reviewing these materials for the purpose of determining whether summary judgment was proper we should be guided by the principles enunciated in Whatley v. Cardinal Pest Control,388 So.2d 529 (Ala. 1980), as follows:
 "Under Rule 56 of the Alabama Rules of Civil Procedure, summary judgment is appropriate only when the moving party has demonstrated, by the pleadings, answers to interrogatories, depositions and affidavits, that there is no genuine issue of material fact and that the movant is entitled to the requested relief as a matter *Page 1243 
of law. Campbell v. Alabama Power Co., 378 So.2d 718, 721 (Ala. 1979); Donald v. City National Bank, 295 Ala. 320, 329 So.2d 92, 94 (1976). Once the movant supports his motion by affidavits or other testimony, the adverse party may not rest upon the allegations or denials contained in his pleadings; he must respond and show that a material issue of fact does exist. Campbell v. Alabama Power Co., supra; Ray v. Midfield Park, 293 Ala. 609, 308 So.2d 686 (1975). Evidence offered in response to the motion, in the form of affidavits or otherwise, must be more than a mere verification of the allegations contained in the pleadings, Morris v. Morris, 366 So.2d 676, 678 (Ala. 1978); and must present facts which would be admissible into evidence. Morris v. Morris, supra; Oliver v. Brock, 342 So.2d 1, 4-5 (Ala. 1976); Hunter v. Austin Co., 336 So.2d 203, 206 (Ala.Civ.App. 1976); Wright Miller, Federal Practice and Procedure: Civil 2738. In the event the opposing party fails to offer any evidence to contradict that presented by the moving party, the court is left with no alternative but to consider that evidence uncontroverted. Mims v. Louisville Title Insurance Co., 358 So.2d 1028, 1029 (Ala. 1978); Donald v. City National Bank, supra."
It is well-recognized that Article 1, Section 14, of the Alabama Constitution generally prohibits suits in which the state is made a defendant. Aland v. Graham, 287 Ala. 226,250 So.2d 677 (1971). Recently, this court considered the extent to which Section 14 also bars suits against officers and employees of the state, in DeStafney v. University of Alabama,413 So.2d 391 (Ala. 1982). Unless Bell has demonstrated a material issue of fact as to whether defendants are covered by the protective cloak of Section 14, within the guidelines enunciated inDeStafney, summary judgment in favor of defendants is due to be affirmed.
Included in the analysis in DeStafney were the following statements:
. . . [A] claim for personal injury based upon the alleged negligent conduct of a State employee, even when committed in the line and scope of employment, is not within the ambit of § 14's protection. Such a claim, by virtue of its nature and the relief demanded, in no way seeks to circumvent the prohibition of § 14. Any state interest affected by the suit is far too incidental to supply the requisite nexus for extension of constitutional immunity to the individual employee defendant. This suit, and the legal effects incident thereto, are strictly between the named parties plaintiff and the individual defendant. . . .
 "This is not to say, however, that every act or performance of duty by a state official or employee, by virtue of its characterization as negligence, necessarily falls outside the immunity doctrine. Even absent the requisite identity between the State and the state official or employee defendant to invoke absolute immunity, the Restatement's doctrine of substantive immunity may yet be invoked if the official or employee 1) is engaged in the exercise of a discretionary function; 2) is privileged and does not exceed or abuse the privilege; or 3) is not negligent in the performance of his responsibility."
The first listed of these three bases for granting substantive immunity to a state official or employee is taken from Restatement (Second) of Torts, § 895D (3)(a), which reads:
 "(3) A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if
 "(a) he is immune because engaged in the exercise of a discretionary function,"
This provision of the Restatement was considered in DeStafney
in connection with Gill v. Sewell, 356 So.2d 1196 (Ala. 1980), an earlier decision often cited for the proposition that state officers and employees are protected from suit by Section 14 immunity. The view was expressed that Gill was consistent "with the overall concept of tort liability expressed in § 895 D of the Restatement." Particularly, the following language fromGill was noted: *Page 1244 
 "There is no allegation in the complaint that J.C. Locke exceeded the authority given him by statute. The complaint at best alleges that he negligently performed his statutory duty. [Cite omitted.] Acting pursuant to such statutory authority, J.C. Locke acted as the State and the claim is barred by Section 14 of the Constitution." Gill, 356 So.2d at 1198.
The majority then proceeded to say:
 "Unquestionably, Gill falls squarely within § 895D (3)(a) of the Restatement."
The instant case presents a quite similar situation. By affidavits supporting their motions for summary judgment, all defendants have advanced facts tending to show they were acting within their authority as employees of the state during the relevant time period. Bell's complaint contains no allegations that defendants exceeded their authority or that defendants' acts which were claimed to constitute negligent or wanton conduct involved the performance of nondiscretionary functions. Neither do Bell's answers to interrogatories, the only factual material presented by him to the trial court in opposition to the motions for summary judgment, even hint of such a contention.
As Bell has failed to advance any evidence tending to show that either of the defendants was acting beyond his authority or was exercising a nondiscretionary function, I would affirm the summary judgment in favor of all defendants, under authority of DeStafney and Gill.
In sum, I would place the burden of alleging and proving individual liability upon the state employees with the plaintiff.
FAULKNER, J., concurs.