In May 1994, Jerry Lee McCluskey and Sarah Marie McCluskey, as the parents of Megan McCluskey, a deceased minor, filed a complaint against Fayette County, Alabama, and fictitious party defendants numbered 1 through 18.
The McCluskeys alleged in the complaint that at approximately 5:15 p.m. on November 13, 1993, their sixteen-year-old daughter was operating their 1993 Chevrolet S-10 truck along Fayette County Road Number 38 and that when she was approaching the one-lane bridge at "Creepy Hollow," the vehicle left the roadway, overturned, and submerged in the waters below the one-lane bridge. The McCluskeys further alleged that their daughter's wrongful death was a proximate result of the wrongful, negligent, and/or wanton conduct of Fayette County and the fictitious party defendants.
In October 1994 the McCluskeys amended their complaint to add Bobby Earl McCraw, the county engineer for Fayette County, as a named party defendant. The McCluskeys alleged that McCraw, in his capacity as county engineer, "undertook to inspect the bridge at Creepy Hollow on numerous occasions prior to the time of injury made the basis of this lawsuit" and that McCraw, in his capacity as county engineer, "was authorized and charged with the responsibility of designing bridges and recommending replacements of and/or repairs and modifications to roadways and bridges in Fayette County."
The McCluskeys further contended that McCraw "had a duty to design, construct, inspect and maintain the roadway and the bridge described above so as to cause the roadway and the bridge to be in a reasonably safe condition for their intended uses" and that at the time of the accident, the roadway and bridge "were not in a reasonably safe condition for their intended uses" and that McCraw knew, or should have known, that the roadway and bridge "were not in a reasonably safe condition for their intended uses." In particular, the McCluskeys allege that there were not adequate warning signs and devices posted on the roadway and bridge; that the bridge lacked guard rails; *Page 807 
and that the curve in the roadway approaching the bridge was too acute, narrow, and abrupt and was not adequately banked.
McCraw filed an answer, wherein he claimed, as one of his defenses, that he was entitled to "discretionary function" immunity because he was acting in his capacity as the county engineer for Fayette County.
McCraw filed a motion for summary judgment, along with his affidavit; a proposed statement of facts; and a brief in support of the motion. The McCluskeys filed a brief in opposition to the motion for summary judgment.
After a hearing the trial court issued an order, granting the motion for summary judgment in favor of McCraw. The order was certified as a final judgment for purposes of appeal, pursuant to Rule 54(b); Ala.R.Civ.P.
The McCluskeys appeal. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: The accident, which resulted in the death of the McCluskeys' daughter, occurred on a one-lane timber bridge located on an unpaved road known as "Creepy Hollow Road." The bridge at Creepy Hollow was constructed in approximately 1970. McCraw was appointed as the county engineer for Fayette County in 1976.
Consequently, there can be no liability on McCraw's part for the design and construction of the Creepy Hollow bridge, as was alleged in the complaint, because McCraw was not involved in the design and construction of the Creepy Hollow bridge. The trial court properly granted the motion for summary judgment regarding this aspect of the complaint. See Taylor v.Shoemaker, 605 So.2d 828 (Ala. 1992).
McCraw testified in his deposition that, as county engineer, he is presently in charge of the design work and plan preparation for the construction of roads and bridges in Fayette County and that he oversees these construction projects. He testified that he primarily deals with the construction of roads and bridges in Fayette County, not with the maintenance of roads and bridges in Fayette County.
McCraw also testified that he primarily works onpaved roads and that he does not frequently travel the unpaved roads in Fayette County. McCraw indicated that when he sees the need for improvements and repairs of existing paved roads and bridges, he will make a recommendation to the appropriate county commissioner. McCraw stated that the inspection of unpaved roads and timber bridges was not one of the duties of his job, unless a county commissioner specifically requested that he inspect such.
In his affidavit McCraw stated that in approximately 1970 the State of Alabama began requiring the county to inspect annually the bridges on all roads in the county and to provide a report to the State. The State provides inspection forms to be completed, and McCraw is the individual who inspects the bridges and completes the forms for Fayette County.
McCraw also testified that none of the timber bridges in Fayette County have guard rails or warning signs and devices and that there are approximately 50 bridges in the county that do not have guard rails or warning signs and devices. McCraw made the following pertinent statements in his affidavit:
 "If I were to see a characteristic of a dirt road or a dirt road bridge which I felt dangerous or unsafe for use, prior to this accident, I would report it to the commissioner in charge of that road or bridge. Prior to this accident, it was my opinion that the dirt roadway in question and the bridge in question were not dangerous or unsafe for public use. The road and bridge met the same characteristics the county had on all county dirt roads and timber bridges at that time. Thus, I saw no need to report any such opinion."
(Emphasis in original.)
The trial court's order provided, in pertinent part:
 "The parties agree that the critical issue before the court is a determination of whether [McCraw], as Fayette County Engineer, was engaged in a protected 'discretionary function' which would be dispositive *Page 808 
of the issue of immunity claim by [McCraw].
". . . .
 "In the case at bar, it is undisputed that [McCraw] had no discretion not to inspect, but did have discretion to determine the practical method for inspection of roads and bridges. As in Grant [v. Davis, 537 So.2d 7 (Ala. 1988)], this conclusion is consistent with the guidelines established in the [4] Restatement [(Second) of Torts, § 895D, 'Public Officers' (1979)] and De-Stafney [v. University of Alabama, 413 So.2d 391
(Ala. 1981),] and [Bell v.] Chisom, [421 So.2d 1239
(Ala. 1982)]. The court holds that discretionary function immunity is recognized for [McCraw]."
The McCluskeys contend that Grant, 537 So.2d 7, and Taylor,605 So.2d 828, can be distinguished from the present case. The McCluskeys argue that the trial court's reliance upon Grant is misplaced and that the trial court committed reversible error when it granted the motion for summary judgment in favor of McCraw. The McCluskeys contend that the facts of this case do not support a determination that McCraw was due to be afforded qualified immunity on the basis of his having performed a "discretionary function."
The basis for the McCluskeys' argument is as follows: The evidence demonstrated that while McCraw, as county engineer, can recommend to the county commission that certain work needs to be performed on a roadway or bridge, he does not have the authority or discretion to spend any sums of money on roadway and bridge jobs in Fayette County. The McCluskeys argue that because it is the county commission which possesses the authority or discretion to determine what roadway and bridge work is to be actually performed in Fayette County, it is the county commission, and not McCraw, which performs a "discretionary function." They argue that McCraw's actions regarding the bridge in question were merely a "ministerial function," for which he is not entitled to immunity from suit.
While the argument advanced by the McCluskeys is intriguing, it is not persuasive in view of our supreme court's decisions in Grant, 537 So.2d 7, and Taylor, 605 So.2d 828. This court is bound by the decisions of our supreme court. Ala. Code 1975, §12-3-16.
The McCluskeys also contend that McCraw is not entitled to immunity because, they say, he acted under a "mistaken interpretation of the law." The McCluskeys maintain that McCraw testified that the Manual on Uniform Traffic Control Devices (Manual) did not apply to the accident site because Fayette County did not sign unpaved roads. However, our review of the record reveals that McCraw testified that although Fayette County does not sign any unpaved roads, he knew of nothing in the Manual that says that the Manual does not apply to unpaved roads.
The undisputed evidence in this case does not even suggest that McCraw was acting under a mistaken interpretation of the law, but that he was performing a discretionary function which provided him with immunity. See Perry v. Mobile County,533 So.2d 602 (Ala. 1988).
In light of the above, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the judges concur.