PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 95-6123
_____

WALTER MCMILLIAN,

Plaintiff-Appellee,

versus

W. E. JOHNSON, TOMMY HERRING, TOM ALLEN,
in their individual capacities, et al.,

Defendants,

THOMAS TATE, SIMON BENSON, LARRY IKNER,
in their individual capacities,

Defendants-Appellants,

ASSOCIATION OF COUNTY COMMISSIONERS OF ALABAMA
LIABILITY SELF INSURANCE FUND,

Intervenor-Defendant.

_____

Appeals from the United States District Court
for the Middle District of Alabama

_____

**(December 3, 1996)**

ON PETITION FOR PANEL REHEARING AND
SUGGESTION OF REHEARING EN BANC


Before COX and BARKETT, Circuit Judges, and PROPST[*], Senior
District Judge.

PER CURIAM:

_____

[*] Honorable Robert B. Propst, Senior U. S. District Judge for the Northern District of
Alabama, sitting by designation.

The opinion reported at 88 F.3d 1554 (11th Cir. 1996), is amended by substituting the following for section "F", under part IV of the opinion, pages 1571-73.

IV.   Discussion

F.   Tate's Sovereign Immunity From State Law Claims

The district court found that McMillian had presented sufficient evidence to create a genuine issue of material fact on three state law claims against Tate, Ikner, and Benson: malicious prosecution (Count Twenty); abuse of process (Count Twenty-One); and outrage (Count Twenty-Six).  In addition, the court found that a genuine issue exists as to a state law outrage claim against Tate and the DOC defendants (Count Twenty-Five).  The court rejected Tate's state law sovereign immunity and state law discretionary immunity defenses, holding that neither form of state law immunity shields officials sued for intentional or malicious wrongdoing in their individual capacities.

On appeal,[1] Tate contends that Alabama sheriffs are protected by sovereign immunity under § 14 of the Alabama Constitution, even when they are sued in their individual capacities for malicious or intentional wrongdoing.  According to Tate, a suit may be maintained against a sheriff only if it falls within one of five limited categories.[2]  It is undisputed that McMillian's claims do

---

[1] We have jurisdiction over this appeal from the district court's denial of state law immunity because the state law immunity asserted is an immunity against suit.  See Griesel v. Hamlin, 963 F.2d 338, 340-41 (11th Cir. 1992).

[2] Quoting Parker v. Amerson, 519 So.2d 442, 442-43 (Ala.1987), Tate argues that a sheriff is immune from suit under

2

not fall within any of the five categories.

We find in decisions by Alabama's appellate courts no clear answer to the question presented. Some Alabama decisions, including the most recent ones, seem to support Tate's position. Karrick v. Johnson, 659 So.2d 77 (Ala. 1995)(deputy sheriff immune from suit for malicious prosecution and false imprisonment); Drain v. Odom, 631 So.2d 971 (Ala. 1994)(sheriff is immune from suit in his official capacity for negligent performance of his statutory duties); Parker v. Amerson, 519 So.2d 442 (Ala. 1987)(sheriff is an executive officer of State of Alabama and is immune from suit under Article I, § 14, Alabama Constitution of 1901, in the execution of duties of his office); Alexander v. Hatfield, 652 So.2d 1142 (Ala. 1994)(deputy sheriffs are immune from suit to the same extent as sheriffs). Some Alabama decisions point in the other direction. Phillips v. Thomas, 555 So.2d 81 (Ala. 1989)(Clearly, a state officer or employee is not protected by § 14 when he acts willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law); Unzicker v. State, 346 So.2d 931 (Ala. 1977)(State immune when impleaded as defendant, but governor, commissioner of conservation, and state highway director, in their respective capacities, were

---

Article I, § 14, Alabama Constitution of 1901, in the execution of the duties of his office, except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

not also immune where it was alleged that those officers acted fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law); Milton v. Espey, 356 So.2d 1201 (Ala. 1978)(Section 14 does not necessarily immunize State officers or agents from individual civil liability); DeStafney v. University of Alabama, 413 So.2d 391 (Ala. 1982)(defense of sovereign immunity afforded university and its president did not extend to employee whose alleged tortious act was the basis of the claim); Lumpkin v. Cofield, 536 So.2d 62 (Ala. 1988)(defense of sovereign immunity does not bar suits against state officers and employees for torts committed willfully, maliciously, and outside the scope of their authority); See also Gill v. Sewell, 356 So.2d 1196 (Ala. 1978).

But a recent decision by this court, Tinney v. Shores, 77 F.3d 378 (11th Cir. 1996), holds that under Alabama law a sheriff and deputy sheriff are shielded by sovereign immunity against claims based upon intentional torts. Some of the language in Tinney is confusing; the court says that "[u]nder Alabama law, sheriffs and deputy sheriffs, in their official capacities and individually, are absolutely immune from suit when the action is, in effect, one against the state." Id. at 383. The claim under consideration in Tinney was against the sheriff and deputy sheriff in their individual capacities. However, no consideration was given to whether the action was, in effect, one against the state. Federal law controls a determination relative to whether a state is the real party-in-interest to the action, and under federal law the

4

claim in <u>Tinney</u> was not one against the state.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 167-68, 105 S. Ct. 3099, 3106-07 (1985); <u>and</u> <u>Jackson v. Georgia Dep't of Transp.</u>, 16 F.3d 1573, 1577 (11th Cir. 1994).  Notwithstanding this confusing language in  <u>Tinney</u>, the holding of the case is clear:  under Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity.  We are bound to follow <u>Tinney</u>, and do so.  We hold that the district court erred in rejecting Tate's sovereign immunity defense to the state law claims.

The petition for panel rehearing is, except as granted hereby, DENIED, and no member of this panel nor other judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the Suggestion of Rehearing En Banc is DENIED.