MURDOCK, Justice
(concurring in part and dissenting in part).
I concur with the conclusion in the majority opinion that the Monroe County Board of Education is entitled to a summary judgment because the claims against it are barred by absolute immunity. I respectfully dissent from the conclusion that Frankye Beal is not also entitled to a summary judgment.
I dissent as to the latter issue because of concerns I previously have expressed to the effect that this Court is over-applying the “beyond-authority” exception to State-agent immunity. These concerns are summarized in my special writing in Ex parte Watson, 37 So.3d 752, 765-66 (Ala.2009) (Murdock, J., concurring in part and dissenting in part):
“Adopting the analysis provided by Ex parte Cranman, 792 So.2d 392 (Ala.2000), this Court in Ex parte Butts, 775 So.2d 173 (Ala.2000), held that a State employee sued in his or her individual capacity for tortious wrongdoing enjoys State-agent immunity from liability if the wrongdoing occurs while the employee is performing certain types of activities previously categorized as ‘discretionary functions.’ In addition, consistent with the pre-Cran-man recognition of immunity for so-called ‘ministerial duties,’ Cranman and Butts recognized the availability of State-agent immunity for tortious conduct committed by an employee while ‘ “discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner.” ’ Butts, 775 So.2d at 178 (quoting Cranman, 792 So.2d at 405). I do not think that the converse of the latter rule is part of our immunity law. That is, when an employee does not do everything in complete accordance with an applicable regulation or other directive, I do not believe the ‘beyond authority exception recognized in Butts necessarily strips the employee of any State-agent immunity he or she would otherwise have.
“Specifically, from the perspective of how the law views the employee’s relationship to the injured party, I do not believe that the failure of an employee to follow every applicable regulation or every instruction given to the employee by a supervisor necessarily means that the employee, for purposes of a State-agent-immunity analysis, has acted beyond the authority otherwise given to him or her by law. In a given case, it may be that the employee has acted in *631 bad faith in not following an applicable directive (and as a result falls within the bad-faith exception to State-agent immunity) or perhaps has acted wantonly (though Alabama has not recognized an exception to State-agent immunity for wanton conduct). I am concerned, however, that we are moving to a place in our law in which we consider any violation of any regulation and any violation of a memorandum of instruction (or for that matter even an oral instruction) from a supervisor to deprive an employee of otherwise applicable State-agent immunity on the ground that he or she is acting ‘beyond his or her authority.’
“Obviously, in one sense, no State employee is ‘authorized’ to violate any applicable regulation, federal or state, or to disregard appropriate instructions from a supervisor. Must we not be circumspect, however, in concluding that merely because an employee fails to follow a requirement of a regulation or all the instructions given to him or her in a memorandum from a supervisor, the employee, insofar as a third party is concerned, has acted beyond his or her authority as an official or employee of the agency or department involved? If that is the sense in which we are to address the matter, then would we not be obliged to say that an employee told by his or her supervisor always to refrain from any tortious conduct vis-á-vis third parties will be acting beyond the employee’s authority whenever he or she does otherwise? Indeed, a directive from a supervisor to this effect would not even be necessary because, in this sense, an employee never has the authority to act tortiously toward others.
[[Image here]]
“This Court has in the past often looked to the Restatement (Second) of Torts § 895D (1979) for guidance in this area. See Bell v. Chisom, 421 So.2d 1239, 1240 (Ala.1982). The Restatement, as it now reads and as it has read for over 80 years, provides the following insight as to what is meant when we speak of an employee acting beyond his or her authority:
“‘An immunity protects an officer only to the extent that he is acting in the general scope of his official authority. When he goes entirely beyond it and does an act that is not permitted at all by that duty, he is not acting in his capacity as a public officer or employee and he has no more immunity than a private citizen. It is as if a police officer of one state makes an arrest in another state where he has no authority.’
“Restatement (Second) of Torts § 895D cmt. g (emphasis added). In other words, the concept of a State employee acting beyond his or her authority corresponds with the concept of an employee acting outside the line and scope of his or her employment.[12] It has never been a concept intended to address every situation in which a State employee, while acting within the general line and scope of his or her employment, nonetheless violates some federal or state regulation, instructions from his or her supervisor, or, taken to its logical conclusion, Alabama law prohibiting negligent conduct. *632 ence with or sanction of an employee’s conduct is tantamount to interference with or sanction of conduct of the State itself. Just as the concept of line and scope of employment describes the circumstance in which an employee’s conduct is treated as the conduct of the employer for purposes of tort law generally, it helps describe those situations in which a State employee cannot be considered as acting ‘beyond his or her authority for purposes of this exception to State-agent immunity.”
(First emphasis added.)
Consistent with the foregoing, the affidavits submitted by Beal in the case before us establish that Beal was not acting beyond her “employment responsibilities” generally. Moreover, the understanding of the “beyond-authority” exception expressed above avoids the problematic nature of applying our current approach to a situation, like that presented here, in which an employee is confronted with what could be inconsistent instructions by a manual and/or a supervisor. In addition to the need to impose corporal discipline in the presence of another professional employee, Beal was also under instructions to maintain supervision of her students and yet, in the exercise of her discretion, she also deemed it necessary to proceed with the discipline of the unruly student in order to maintain control in her classroom. See generally Ex parte Kennedy, 992 So.2d 1276, 1280 (Ala.2008) (“ ‘State-agent immunity protects State employees, as agents of the State, in the exercise of their judgment in executing their work responsibilities.’” (quoting Ex parte Hayles, 852 So.2d 117, 122 (Ala.2002))).
Even applying the understanding of the beyond-authority exception in the main opinion, I am inclined to agree with Justice Stuart’s view of the evidence in this particular case.[3]

“ The ‘beyond authority’ concept appears to have been borrowed from the law of respondeat superior, and its import and field of operation for purposes of immunity law arguably are guided accordingly. As explained in Cranman and countless other immunity cases decided by this Court, the whole object of our attempt to articulate standards and exceptions in this area is to explain under what circumstances judicial interfer-

. I am not persuaded that, in a case where there is no connection between the aspect in which the State agent has acted beyond his or her authority and the injuries suffered by a third party, this fact would not be germane to the issue whether the employee should be deprived of immunity under the beyond-authority exception.