PER CURIAM.
This is a negligence case.
The trial court granted the defendants’ motion to dismiss the plaintiff’s suit.
The plaintiff appeals. We reverse and remand in part.
The basic issue is whether the trial court erred in granting the defendants’ motion to dismiss.
We first note a fundamental rule of practice and pleading — i.e., that a motion to dismiss “should be sparingly granted.... Only when it appears beyond doubt that plaintiff can prove no set of facts in support of his claim to entitle him to . relief should a motion to dismiss be granted.” 1 C. Lyons, Alabama Rules of Civil Procedure Annotated at 189 (1986) (citations omitted).
The standard of review upon appeal from a trial court’s order dismissing a complaint for failure to state a claim upon which relief may be granted is whether, when the allegations of the complaint are viewed most strongly in his favor, the plaintiff could prove any set of circumstances which would entitle him to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640 (Ala.1985).
The parties agree that, when the plaintiff entered the Kilby Correctional Facility receiving unit of the Alabama Department of Corrections (Department), his personal property was taken from him and placed in *1257 the institutional property room for safekeeping, but, when he was released from administrative segregation, his property was no longer in the property room.
The plaintiff sued the Department and E.L. Harrelson, individually. Mr. Harrel-son was a warden, with that receiving unit being his responsibility. The plaintiff alleged that “defendants did negligently give the plaintiff’s personal property to another individual without the consent of the plaintiff, causing the loss of the plaintiff’s personal property.”
The defendants filed a motion to dismiss the plaintiff’s complaint on the ground that both defendants — i.e., the Department and Mr. Harrelson — are constitutionally immune from the plaintiff’s suit. The trial court granted the defendants’ motion, and this appeal followed.
Despite the evolution of the law in Alabama in the area of sovereign immunity, it nevertheless is clear that the plaintiff’s suit against the Department as an agency of the state is barred by § 14 of the Alabama Constitution of 1901, which provides: “that the State of Alabama shall never be made a defendant in any court of law or equity.” See Hillyer v. Central Review Board for Department of Social Services, 384 So.2d 1117 (Ala.Civ.App. 1980); see also Campbell, Agency Immunity and Officer Liability After DeStafney: A Justifiable Dichotomy?, 14 Cum.L.Rev. 45 (1984). It also seems clear, however, that a suit against the individual Harrelson is not so absolutely barred.
The issue in this case, therefore, is whether Mr. Harrelson, as an individual, could be liable for negligence under any set of circumstances viewed most favorably to the plaintiff. If so, then the trial court erred in granting the defendants’ motion to dismiss, at least so far as Mr. Harrelson, in his individual capacity, is concerned.
The landmark case in this area of the law is DeStafney v. University of Alabama, 413 So.2d 391, 395 (Ala.1981), which held, among other things, that “a claim for personal injury based upon the alleged negligent conduct of a State employee, even when committed in the line and scope of employment, is not within the ambit of § 14’s protection.” That is, DeStafney veered from the previously settled law that state employees were immune from suits if their alleged negligence was committed in the line and scope of employment. See Gill v. Sewell, 356 So.2d 1196 (Ala.1978).
In deviating from the earlier law, DeS-tafney accepted the Restatement (Second) of Torts concept of a qualified or substantive immunity for public officials acting within the scope of this authority. To wit:
“The Restatement provides that public officers are generally liable for their torts, but enjoy a substantive or qualified immunity shielding them from tort liability for acts within the scope of their authority if the state officers: (1) are immune because engaged in the exercise of a discretionary function, (2) are privileged and do not exceed or abuse the privilege, or (3) their conduct was not tortious because they were not negligent in the performance of their responsibilities.”
Campbell, 14 Cum.L.Rev. at 73-74.
In Bell v. Chisom, 421 So.2d 1239, 1240 (Ala.1982), Justice Beatty made the following pertinent comments with respect to the trial court’s role in determining whether a defendant is immune from suit under DeS-tafney:
“After Bell appealed, we decided DeStafney v. University of Alabama, supra, which held that state employees acting within their authority are generally subject to tort liability, unless their actions are privileged, part of a ‘discretionary function’ or simply not negligent. Under this standard the materials considered by the trial court are insufficient to resolve disputes on material facts and enable judgment as a matter of law. Therefore we reverse and remand for application of the DeStafney criteria to each of the defendants. They will, of course, carry the burden of proof on this issue since immunity is an affirmative defense. See Green v. James, 473 F.2d 660 (9th Cir.1973).”
Justice Beatty also noted, in summary, that trial “courts must determine not only the *1258 existence but the extent of an ‘immunity.’ ” Bell, 421 So.2d at 1241.
The inescapable conclusion from the cases cited is that, in cases such as the one at bar, where a public employee has been sued in his individual capacity, a trial court must determine not only whether there was negligence as alleged, but also whether the official sued is nevertheless immune under the DeStafney criteria. Justice Beatty’s majority opinion in Bell, 421 So.2d 1239, provides an extensive discussion of the factors a trial court might consider in resolving the issue of the existence of substantive or qualified immunity.
In short, under the applicable standard of review in this ease, we conclude that, under conceivable circumstances viewed most favorably to the plaintiff, the plaintiff could prove a case entitling him to relief under the law as cited. That is, a set of facts could be developed in which Mr. Har-relson was both negligent and not exercising any discretionary authority, in which case he would not be immune from suit under the law as it stands now. Thus, the trial court erred in granting the defendants’ motion to dismiss.
This case is due to be affirmed as to the State Department of Corrections and reversed and remanded as to E.L. Harrelson.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All the Judges concur.