The questions presented by this appeal are summarized as follows: (1) Whether under the facts of this case Alabama law allows recovery against a psychiatrist whose negligent diagnosis and treatment of a patient results in the patient's killing himself and his two children, and (2) Whether under the facts of this case a psychiatrist who knows or should know that his patient poses a threat of danger to himself or to others has a duty to warn or take other action in view of that knowledge.
The suit arose out of the tragic deaths of David King and his two young daughters. King, a psychiatric outpatient, killed both of his daughters and himself while enrolled in an alcohol abuse treatment program administered by the defendant, Dr. Charles E. Smith, a psychiatrist. The mother of the children, Catherine King, and the administratrix of King's estate, Willie Betty King, mother of the decedent, brought this suit against the Mobile Mental Health Center and several other defendants, including Dr. Smith. They alleged that Dr. Smith misdiagnosed King's dangerous mental condition and, as a result, did not provide him with proper treatment and care for his condition, and that Dr. Smith's actions resulted ultimately in the murder/suicide, which plaintiffs say was reasonably foreseeable. The trial court entered summary judgment in favor of all the defendants.[1]
David King appears to have lived a normal and uneventful life until 1983. However, in mid-1983, he underwent a significant behavioral change. He became more violent and abusive and often threatened to kill himself and members of his family. In December 1983, a petition for involuntary commitment was filed by his mother, Willie Betty King. The commitment proceedings were instituted following a particularly violent episode in which David threatened to kill one of his daughters and fired a gun several times in the process.
As a result of the "probable cause" hearing held by the Mobile County probate judge, David was confined in the psychiatric ward of the University of South Alabama Medical Center for six days for a psychiatric evaluation. Dr. Smith conducted the initial evaluation, which found that David suffered from alcohol abuse and mild mental impairment. More in-depth psychological testing was undertaken by *Page 264 
other doctors at the facility, and they concurred with the initial evaluation made by Dr. Smith. The diagnosis of alcohol abuse was presented to the probate court, which dropped the commitment proceedings upon motion by counsel for Willie Betty King. Criminal assault charges stemming from the incident with his daughter were also dropped by David's mother at this time.
David began attending an alcohol abuse program supervised by Dr. Smith. His counseling sessions were conducted by Gerald Casson, a trained outpatient counselor at the facility. During this treatment, Dr. Smith prescribed Antabuse for David. Antabuse is a drug commonly prescribed for alcohol abuse that makes drinking unpalatable. David attended six of the voluntary outpatient sessions before another violent episode occurred. He tried to poison and shoot members of his family and was eventually rushed to a hospital after overdosing on prescription drugs (a relative's sleeping pills) in an apparent suicide attempt.
A second involuntary commitment petition was filed soon after this apparent suicide attempt. Once again, David was confined in the psychiatric ward for mental evaluation. Several doctors on the staff, not including Dr. Smith, evaluated David and found him to be suffering from alcohol and substance abuse and to have a mixed personality disorder.
The second petition for involuntary commitment was dismissed upon the recommendation of Dr. Francis H. Hoffman, who evaluated David during both periods of confinement. Dr. Hoffman concluded that David was a dangerous man with an antisocial personality, but that he was not suffering from amental illness. David was released and he again enrolled in the outpatient alcohol abuse program counseled by Gerald Casson and supervised by Dr. Smith. Once again, David attended six sessions of counseling, but abruptly stopped on April 24, 1984. On July 12, 1984, David killed both of his daughters and himself.
The general rule in Alabama is that in the absence of a special relationship or circumstance there is no duty to protect another from the criminal acts of a third person.Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368 (Ala. 1986);Ortell v. Spencer Companies, 477 So.2d 299 (Ala. 1985); Henleyv. Pizitz Realty Co., 456 So.2d 272 (Ala. 1984); Berdeaux v.City National Bank of Birmingham, 424 So.2d 594 (Ala. 1982).
Based on the facts of this case, we hold that Dr. Smith's minimum personal contacts with King, especially in view of the outpatient character of their relationship, are insufficient to show the special relationship or circumstance necessary to make Dr. Smith liable for King's criminal acts and subsequent suicide.
The deaths of two young girls and the suicide of their father are circumstances tragic in the extreme; however, the therapist should not be held liable for these unfortunate events, because the facts fail to show a special relationship or circumstance that would make the therapist liable. The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.
[1] The plaintiffs bring this appeal only against Dr. Smith. The plaintiffs failed to file a timely notice of appeal as to the other defendants.