PER CURIAM.
Chong Fan appeals from a judgment of the Madison Circuit Court (“the trial court”) dismissing his complaint against *1078 Qualitest Pharmaceuticals. We affirm in part and reverse in part.

Facts and Procedural History

On September 22, 2010, Fan filed in the trial court a complaint against Qualitest. The complaint stated:
“Cause: Breach of Constitution, contract, worker protection and torts law
“Issue and requests:
“1. To judge that breach of Constitution on ‘Equal Protection and Rights of aliens’
“2. To judge that breach of Contract on ‘Consequential Damages’
“3. To judge that breach of Worker Protection on ‘Wages and Hours of Work, Discharge for Proper Cause’
“4. To judge that breach of Torts Law on ‘Infliction of Mental Distress’
“5. To judge that damage of USD $500,000
“Facts:
“On Apr. 10th, 2010 Saturday, plaintiff Chong Fan was sick and went to see Dr. Benjamin Favis in AFC (American Family Care). He suggested ‘Please excuse Mr. Fan from work on 04/12/2010’. Chong Fan went to see Dr. Jatinder Sachdev in AFC on 04/13/2010, she suggested ‘Off work 04/13/10 — 04/16/10’. Then plaintiff Chong Fan gave employer the doctor’s note.
“April 19, 2010, Monday, Chong Fan was orally informed to be fired, but without any official termination letters.
[[Image here]]
“The reasons to fire Chong Fan told by Sr. Director Mr. Jaber Qasem were:
“1. You don’t respect Mr. Fang Zhou because you didn’t agree with you’re [sic] annual review made by Fang Zhou and didn’t sign your name.
“2. You can’t work on the 2nd shift (night shift from 5pm to 5am) on weekend.
“Reasons:
“I am an alien Chinese with Green Card worked in Qualitest Pharmaceuticals, USA, for long time and overtime work, without any overtime paid. Once fired, lack legal protections, lack pleading ways, lack Union. Plead with Court for judge.”
(Bold typeface in original.)
On November 5, 2010, Qualitest filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. Qualitest argued that Fan had failed to state facts to support a claim of intentional infliction of emotional distress. Qualitest also argued that the breach-of-contract claim failed because the complaint failed to allege that a contract existed or to allege any other element of that claim and that the claims of “Breach of Constitution and Breach of Worker Protection” were not recognized causes of action under Alabama law. Qualitest also argued that Fan had not met the requirements of notice pleading under Rule 8(a), Ala. R. Civ. P. On August 1, 2011, Fan filed a reply to that motion. A hearing was held on September 9, 2011, after which the trial court entered an order giving Fan 14 days to amend his complaint.
On September 26, 2011, Fan filed a “Reply” in response to the trial court’s order. Fan restated the allegations in his original complaint and added a section entitled “Case Compare and Analysis” in which he compared certain cases to the facts of his case. The first set of cases Fan discussed in his reply were listed under the heading “Breach of Contract.” In that section, Fan stated that he had been wrongfully discharged for seeking workers’ compensa *1079 tion benefits.[1] The second set of cases discussed were listed under the heading “Breach of Worker Protection.” In that section, Fan stated that Qualitest had violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and that he had been discharged for exercising his rights under that act. The third set of cases discussed were listed under the heading “Breach of Constitution.” In that section, Fan stated that he had been “fired” under circumstances for which an employee who was an American national would not have been. The fourth and final set of cases discussed were listed under the heading “Breach of Torts Law.” In that section, Fan stated that he had suffered an intentional infliction of emotional distress due to “work disputes on his annual review and overtime wage” as well as his discharge.
Qualitest renewed its motion to dismiss on October 5, 2011, arguing that Fan’s “reply” was untimely and that Fan had failed to serve the reply on Qualitest. Qualitest again argued that the breaeh-of-contract claim failed because it did not allege that a contract existed or allege any other element of that claim, that the claims of “Breach of Constitution” and “Breach of Worker Protection” were not recognized causes of action under Alabama law, and that Fan had not met the requirements of notice pleading under Rule 8(a), Ala. R. Civ. P. On March 13, 2012, the trial court entered an order stating:
“On September 9, 2011, after a hearing on the Defendant’s Motion to Dismiss, this court entered an Order for [Fan] to file an amended complaint. On September 26, 2011, [Fan] did file an amended complaint. However, [Fan] failed to timely serve [Qualitest] with the Amended Complaint. On October 5, 2011, [Qualitest] filed a Renewed Motion to Dismiss pursuant to Rules 8 and 12(b)(6)[, Ala. R. Civ. P.].
“After reviewing the amended complaint the Court is of the opinion that it is insufficient; therefore, it is hereby ORDERED, ADJUDGED and DECREED that this action is DISMISSED WITH PREJUDICE, costs to be taxed as paid.”
(Capitalization in original.) On March 26, 2012, Fan filed his notice of appeal to this court. This court transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction, and that court subsequently transferred the appeal back to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, Fan argues that the trial court erred in dismissing his complaint. “The standard of review upon appeal from a trial court’s order dismissing a complaint for failure to state a claim upon which relief may be granted is whether, when the allegations of the complaint are viewed most strongly in his favor, the plaintiff could prove any set of circumstances which would entitle him to relief.” Martin v. Harrelson, 532 So.2d 1256, 1256 (Ala.Civ.App.1988). Rule 8(a), Ala. R. Civ. P., provides, in pertinent part: “A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks.” “Alabama is a ‘notice pleading’ state.” Surrency v. Harbison, 489 So.2d 1097, 1104 (Ala.1986). Therefore, even if a complaint is inartfully drawn, so long as the complaint *1080 places the defendants on notice of the claim, the complaint is sufficient. Id.
In the present case, Fan’s complaint is sufficient to place Qualitest on notice of the following claims: (1) a claim for overtime benefits under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., (2) a retaliatory-discharge claim for exercising his rights under the Fair Labor Standards Act, and (8) a claim alleging discrimination based on his national origin. Further, Fan’s allegations, “viewed most strongly in his favor ... would entitle him to relief.” Martin, 532 So.2d at 1256.
Fan also claims his employment was terminated for his having filed a workers’ compensation claim. Although “[a] complaint should not be dismissed for failure to state a claim unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief under some cognizable theory of law,” Morton v. Prescott, 564 So.2d 913, 916 (Ala.1990), a trial court should seek to determine whether the allegation in the complaint, and the reasonable inferences arising therefrom, give rise to a cognizable legal claim. Morton is illustrative here.
The plaintiff in Morton, Allen F. Morton, sued Dr. Cecil H. Prescott, alleging that Dr. Prescott, who was a psychiatrist, had negligently discharged a patient named Pendarvis Hunter, who then assaulted Morton. Id. at 914. The trial court dismissed Morton’s complaint based on Dr. Prescott’s arguments that the facts alleged in Morton’s complaint had failed to establish that Dr. Prescott had owed Morton a duty or, assuming that such a duty existed, that Dr. Prescott had breached that duty. Id. In its analysis affirming the dismissal of Morton’s complaint, our supreme court first explained that “a plaintiff must plead and prove that the [psychiatrist] knew or should have known that an aggressor might be a danger to a specific individual.” Id. at 916. The court then determined that Morton’s complaint had failed to meet that standard. Id. The supreme court described Morton’s complaint as follows:
“A review of the complaint supports [Dr.] Prescott’s argument that Morton fails to allege that Hunter had made any specific threat to harm Morton. At most the complaint states that Hunter was a violent, dangerous person who posed a danger to the citizens of the community, including Morton. Even assuming that all of these facts and conclusions are true, the allegations are still insufficient to show a legal duty on the part of [Dr.] Prescott to protect Morton from specific harm.”
Id. at 915.
Similarly, Fan’s factual allegations, which he first stated in his original complaint and subsequently restated in his “Reply,” indicate that, in April 2010, Fan had been sick, that Fan had seen two physicians, that those physicians had given Fan “doctor’s notes” excusing Fan from work from April 12, 2010, to April 16, 2010, that Fan had provided the doctors’ notes to Qualitest, and that Qualitest had terminated his employment. Later, in the section of his “Reply” in which Fan provided case comparisons, Fan stated:
“[Fan] was employed by Qualitest Pharmaceutical. [Fan] was sick and miss[ed] a substantial period of work. When [Fan] sought workers’ compensation benefits (to have given [Qualitest] the doctor’s note), [Fan] was fired. [Fan] sued Qualitest for wrongful discharge.”
Although Fan states in that paragraph that he “sought workers’ compensation benefits,” he qualifies that statement when he adds, in a parenthetical, that he gave Qualitest the doctors’ notes. Fan alleges *1081 only that he missed work because he was sick, that he provided Qualitest notes excusing his absence from work, and that he was terminated from his employment. Fan does not allege that he was injured at work or that he suffers from an occupational disease; from all that appears in his pleadings, Fan’s illness was totally unrelated to his work. See Alabama Power Co. v. Aldridge, 854 So.2d 554, 571 (Ala.2002) (indicating that to establish a prima facie case of retaliatory discharge, a plaintiff must show, among other things, a work-related injury). Furthermore, Fan does not truly allege that he filed a workers’ compensation claim; the filing of such a claim is an essential element of a retaliatory-discharge claim. See Thomas v. Bakers Indus., a Div. of Sonoco Prod. Co., 737 So.2d 469, 471 (Ala.Civ.App.1999). Thus, the complaint and the “Reply” fail in all respects to plead any set of facts under which Fan could possibly prevail on a retaliatory-discharge claim based on his having filed a workers’ compensation claim against Qualitest. Although this state permits notice pleading, it does not permit pleadings that lack any factual basis upon which a claim could rest to state a cause of action. Thus, we affirm the trial court’s judgment to the extent that it dismissed Fan’s claim alleging retaliation for his having filed a complaint for workers’ compensation benefits.
Finally, Fan’s complaint includes a claim alleging the tort of outrage. He based this claim on a work dispute and the termination of his employment. This court has held, however, that causing an employee to lose his or her job is insufficient to support a tort-of-outrage claim. Thomas v. Williams, 21 So.3d 1234, 1240 (Ala.Civ.App.2008). With regard to the work dispute, Fan has failed to allege any conduct that would rise to the level necessary to support a tort-of-outrage claim. See id. (“Assuming Thomas’s allegations to be true and capable of being supported by the evidence, we cannot say that Williams’s conduct rose to the level at which our courts have allowed recovery for the tort of outrage, i.e., cases involving misconduct in a burial, sexual harassment or assault, or barbaric methods of coercing an insurance settlement.”).
Based on the foregoing, we affirm the trial court’s judgment dismissing Fan’s complaint with regard to his tort-of-outrage claim and his retaliatory-discharge claim based on his having filed a workers’ compensation claim, which was titled as a breach-of-contraet claim. We reverse the judgment in all other respects, and we remand the cause for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in part and dissents in part, with writing, which THOMPSON, P.J., joins.

. Although the heading was "Breach of Contract,” the substance of his claim was actually a retaliatory-discharge claim based on his allegation that he had been discharged for having filed a workers’ compensation claim.