MOORE, Judge,
concurring in part and dissenting in part.
I respectfully dissent from that part of the main opinion affirming the trial court’s dismissal of the first count in Chong Fan’s complaint. Fan clearly stated in his complaint that his employment had been terminated for seeking workers’ compensation benefits. Section 25-5-11.1, Ala.Code 1975, provides that “[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers’ compensation benefits under this chapter....” The term “action” means more than the filing of a legal complaint, extending to the making of any claim for workers’ compensation benefits. McClain v. Birmingham Coca-Cola Bottling Co., *1082 578 So.2d 1299 (Ala.1991). The claim does not have to be a meritorious claim based on a covered personal injury. Hutto v. Farmers Exch. Bank, 735 So.2d 1233, 1235 n. 1 (Ala.Civ.App.1999). Hence, Fan has stated a cause of action under § 25-5-11.1 despite his failure to plead that he injured himself at work and despite his failure to plead that he had “filed” a claim for workers’ compensation benefits. I believe that his complaint was sufficient to place Quali-test Pharmaceuticals on notice that Fan was claiming a violation of § 25-5-11.1 and that his allegations, when “viewed most strongly in his favor ... would entitle him to relief.” Martin v. Harrelson, 532 So.2d 1256, 1256 (Ala.Civ.App.1988). I concur in the remainder of the opinion.
THOMPSON, P.J., concurs.