After Remand from the Alabama Supreme Court

PITTMAN, Judge.
On December 12, 2014, this court reversed the judgment of the Bessemer Division of the Jefferson Circuit Court that dismissed a negligence action brought by Misty Ann Barton, as administratrix of the estate of Benjamin H. Miller, Jr., deceased, against Liberty National Life Insurance Company stemming from the payment of proceeds of an insurance policy to the widow of the deceased owner of that policy pursuant to a beneficiary designation made by the widow as administratrix of the owner’s estate. Barton v. Liberty Nat’l Life Ins. Co., 209 So.3d 479 (Ala.Civ.App.2014). In concluding that the trial court had erred in dismissing Barton’s action, we determined that Alabama’s Insurance Code, Ala.Code 1975, § 27-1-1 et seq., “does not allow for a change of beneficiary to a person with no insurable interest in the insured.” 209 So.3d at 485. On certiorari review of this court’s decision, our supreme court, in Ex parte Liberty National Life Insurance Co., 209 So.3d 486 (Ala.2016), although of the view that “an insurable interest in personal insurance need exist only at the time the policy becomes effective and not at the time the loss occurs” and that this court’s decision was due to be reversed “insofar as [this court had] interpreted [Ala.Code 1975,] § 27—14—3(f)[,] to require the existence of an insurable interest after the time a policy becomes effective,” 209 So.3d at 494, nonetheless concluded that the trial court’s dismissal of the action had indeed been erroneous, and our supreme court affirmed this court’s reversal of the trial court’s judgment of dismissal. Id. at 495.
In accordance with the March 25, 2016, opinion of our supreme court, we vacate that portion of our opinion of December 12, 2014, to the extent that it could be read to “require the existence of an insurable interest after the time a policy becomes effective.” 209 So.3d at 494. Our supreme court having, however, affirmed this court’s reversal of the trial court’s judgment of dismissal, the cause is now remanded to the trial court for further proceedings in conformity with our supreme court’s opinion.
OPINION OF DECEMBER 12, 2014, VACATED IN PART; CAUSE REMANDED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.